21 CV 02973

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOSE RODRIGUEZ, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| MASSIVE ACTION, LLC, | ) | JURY TRIAL DEMANDED |
| REDBUBBLE, INC., | ) | |
| TP APPAREL, LLC | ) | |
| ZAZZLE, INC., | ) | COMPLAINT |
| ETSY, INC., | ) | |
| AMAZON.COM, LLC, | ) | |
| SHOPIFY (USA), INC., and | ) | |
| NORDSTROM, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION AND RELATED CLAIMS

Plaintiff, Jose Rodriguez, alleges his complaint against Defendants, Massive Action, LLC. ("MA"), Redbubble, Inc., TP Apparel, LLC ("TP"), Zazzle, Inc., Etsy, Inc., Amazon.com, LLC, Shopify (USA), Inc., and Nordstrom, Inc. as follows:

## NATURE OF THE ACTION

1.      This action arises from Defendant's MA, Redbubble, TP, Zazzle, Etsy, Amazon.com, Shopify, and Nordstrom's infringement of Plaintiff's "ownership" and exclusive "use" rights in the federally registered mark, **THE LONELY HEARTS CLUB®,** in conjunction with clothing, merchandise and other related goods.  Despite Plaintiff being the senior user and owner of the mark **THE LONELY HEARTS CLUB®** and offering various clothing and merchandise under such brand name, all of the above named Defendants have

infringed Plaintiff's rights in the **THE LONELY HEARTS CLUB®** mark and have used Plaintiff's trademark in commerce by manufacturing, printing, producing, advertising, promoting, selling, and offering for sale clothing items under Plaintiff's trademark.

Plaintiff has already experienced "actual confusion" in connection with this matter and is likely to continue to experience confusion as to the affiliation or connection between Defendant's MA, Redbubble, TP, Zazzle, Etsy, Amazon.com, Shopify, and Nordstrom's and Plaintiff resulting in the unjust enrichment of Defendant's MA, Redbubble, TP, Zazzle, Etsy, Amazon.com, Shopify, and Nordstrom by using Plaintiff's trademarks.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 15 U.S.C. §1051 *et seq.*, 15 U.S.C. Sections 1114-1116; under Section 43(a) of the Trademark Act, 15 U.S.C. §1125(a), Section 43(c) of the Trademark Act, 15 U.S.C. §1125(c) and 28 U.S.C. §1367.

3.     This Court has personal jurisdiction over the Defendants because Defendants engage in continuous and significant business activities in, and directed to the State of New York within this judicial district and because Defendants have committed tortuous acts aimed at and causing harm within the State of New York and this judicial district.

4.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) because it is where Plaintiff resides and the Defendants transacts business in this district, and because a substantial portion of the events giving rise to the asserted claims have occurred, and continue to occur, within this district.  Furthermore, the damage to Plaintiff and its intellectual property described herein continues to occur in this judicial district.  Defendants also advertise, market and sell goods in this district via the internet or directly.

## THE PARTIES

5.     Plaintiff, Jose Rodriguez is an individual with an address at 745 E. 6th Street – Suite 4C, New York, NY 10009.

6.      Upon information and belief, Defendant Massive Action, LLC is a New Jersey Limited Liability Company with a principal place of business at 2229 Lancaster Ct., Mahwah, New Jersey 07430.

7.      Upon information and belief, Defendant Redbubble, Inc. is a Delaware corporation with a principal place of business at 111 Sutter Street – 17th Floor, San Francisco, California 94104.

8.      Upon information and belief, Defendant TP Apparel, LLC. is a New York Limited Liability Company with a place of business at 36 East 20th Street – 8th Floor, New York, New York 10003.

9.      Upon information and belief, Defendant Zazzle, Inc. is a California corporation with a principal place of business at 1800 Seaport Blvd, Redwood City, California 94063.

10.     Upon information and belief, Defendant Etsy, Inc. is a Delaware corporation with a principal place of business at 117 Adams Street, Brooklyn, New York 11201.

11.     Upon information and belief, Defendant Amazon.com, LLC. is a Delaware corporation with a principal place of business at 410 Terry Ave. N, Seattle, Washington 98109.

12.     Upon information and belief Defendant Shopify (USA), Inc. is a Delaware corporation with a principal place of business at 33 Montgomery Street – Suite 750, San Francisco, CA 94104.

13.     Upon information and belief, Defendant Nordstrom, Inc. is a Washington Corporation with a principal place of business at 1617 Sixth Avenue – Suite 600, Seattle, Washington 98101.

## FACTS

14.    Plaintiff Jose Rodriguez is a fashion designer and apparel industry entrepreneur who has worked in the fashion industry since at least as early as 1999.

15.    Since at least as early as 2009, Plaintiff has been designing, selling and offering for sale, t-shirts, sweaters and other clothing items under **THE LONELY HEARTS CLUB®** brand name.

16.    Plaintiff uses the ®, and ™ symbols on product packaging materials, hang tags, and on promotional materials to put the public on constructive notice that Plaintiff is claiming trademark rights in the **THE LONELY HEARTS CLUB®** brand name.

17.    Plaintiff sells his clothing via wholesale accounts with retail clothing stores nationwide and in other ways customary in the apparel industry.

18.    Plaintiff's **THE LONELY HEARTS CLUB®** collection of clothing products enjoy a superlative reputation in the apparel industry.

19.    Since at least as early as 2013, Plaintiff has taken efforts at securing intellectual property protection for his **THE LONELY HEARTS CLUB®** brand name.

20.    Plaintiff is the registered owner of United States Trademark Registration No. 5,250,790 for the mark **THE LONELY HEARTS CLUB®**. (**See Exhibit A**).

21.    Plaintiff has built and acquired significant rights in **THE LONELY HEARTS CLUB®** mark in connection with clothing and merchandise based on Plaintiff's long standing and continuous use of the marks in commerce in connection with the promotion, sale and offering of clothing items under the aforementioned marks.

4

22.     Defendant Massive Action, LLC is a retailer of apparel products worldwide.

23.     Defendant Massive Action, LLC operates an online retail clothing store via its website www.massiveactionapparel.com.

24.     Plaintiff is informed and believes and thereon alleges that Defendant Massive Action is using his trademarks in commerce by manufacturing, marketing, promoting, advertising, selling and offering for sale t-shirts, hoodies and other clothing items including and/or bearing Plaintiff's **THE LONELY HEARTS CLUB®** mark placed on the clothing goods via print and embroidery applications on its clothing and footwear products.

25.     Upon information and belief, Defendant MA has released a collection of various t-shirts and hoodies that include Plaintiff's **THE LONELY HEARTS CLUB®** trademark or a confusingly similar variation of the same placed directly on the clothing items including printed on jackets and hoodies via print or embroidery design and print applications.

26.     Defendant MA's use in commerce of Plaintiff's **THE LONELY HEARTS CLUB®** mark or a confusingly similar variation of Plaintiff's trademark has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under **THE LONELY HEARTS CLUB®** mark.

27.     Defendant MA's continued use in commerce of any variation of Plaintiff's **THE LONELY HEARTS CLUB®** mark is likely to continue to cause confusion as to the source of apparel products under the aforementioned mark.

28.     Defendant MA's use in commerce of Plaintiff's **THE LONELY HEARTS CLUB®** trademark in connection with apparel is not considered a fair use as it is using the mark for commercial business purposes and for a profit.

29.     Upon information and belief, Defendant MA is aware of Plaintiff's ownership rights and trademark in the mark **THE LONELY HEARTS CLUB®**.

30.     Defendant MA's infringement of Plaintiff's trademark is willful as it is aware of the infringing content it is selling and offering for sale via its clothing website and/or via its clothing distribution outlets.

31.     Defendant MA has acted in bad faith in using Plaintiff's **THE LONELY HEARTS CLUB® JOEL HUMAN®** trademark or a confusingly similar variation of the same as it has attempted to palm off the good will and reputation that Plaintiff has built in his **THE LONELY HEARTS CLUB®** mark by promoting and selling a collection of clothing including and under Plaintiff's trademark.

32.     Defendant Redbubble, Inc. is a retailer of clothing and related accessories and merchandise.

33.     Defendant Redbubble owns, operates and manages an online retail store that uses in commerce, Plaintiff's trademark to promote, advertise, sell and offer for sale t-shirts and other clothing products using Plaintiff's **THE LONELY HEARTS CLUB®** trademark.

34.     Defendant Redbuble is using Plaintiff's trademark in commerce by promoting, advertising, selling and offering for sale clothing items including and under Plaintiff's **THE LONELY HEARTS CLUB®** trademark via its www.redbubble.com website.

35.     Upon information and belief, Defendant Redbubble is also utilizing Plaintiff's **THE LONELY HEARTS CLUB®** trademark as a keyword in online advertising that is directing consumers looking for Plaintiff's clothing to the www.redbubble.com website to purchase its clothing products instead by advertising and promoting clothing products that include Plaintiff's **THE LONELY HEARTS CLUB®** trademark.  The aforementioned use of Plaintiff's trademark by Redbubble is a "use in commerce" of Plaintiff's brand name.

36.     Upon information and belief, Defendant Redbubble is also bidding and purchasing adwords under Plaintiff's **THE LONELY HEARTS CLUB®** trademark that is

directing consumers looking for Plaintiff's clothing to the www.redbubble.com website to purchase its clothing products instead of Plaintiff's clothing items under the **THE LONELY HEARTS CLUB®** mark. The aforementioned use of Plaintiff's trademark in search engine keyword advertising programs by Redbubble is a "use in commerce" of Plaintiff's trademark for a profit.

37.     Defendant Redbubble's use in commerce of Plaintiff's **THE LONELY HEARTS CLUB®** trademark is not a fair use as Redbubble is using the mark for commercial business purposes and for a profit.

38.     Defendant Redbubble's use in commerce of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under **THE LONELY HEARTS CLUB®** mark.

39.     Defendant Redbubble has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **THE LONELY HEARTS CLUB®** trademark.

40.     Upon information and belief, Defendant Redbubble had knowledge of Plaintiff's ownership rights in **THE LONELY HEARTS CLUB®** mark and failed to implement any procedure that would prevent its sales team from uploading content or designs that included Plaintiff's registered trademark.

41.     Defendant Redbubbles's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.redbubble.com website.

42.     Defendant Redbubble acted in bad faith in using Plaintiff's trademark as it has attempted to palm off the good will and reputation that Plaintiff has built in his **THE LONELY HEARTS CLUB®** mark.

43.     Defendant TP is a retailer of clothing and related accessories and merchandise.

44.     Defendant TP owns, operates and manages an online retail store that uses in commerce, Plaintiff's trademark to promote, advertise, sell and offer for sale t-shirts and other clothing products using Plaintiff's **THE LONELY HEARTS CLUB®** trademark.

45.     Defendant TP is using Plaintiff's trademark in commerce by promoting, advertising, selling and offering for sale clothing items including and under Plaintiff's **THE LONELY HEARTS CLUB®** trademark via its www.teepublic.com website.

46.     Upon information and belief, Defendant TP is also utilizing Plaintiff's **THE LONELY HEARTS CLUB®** trademark as a keyword in online advertising that is directing consumers looking for Plaintiff's clothing to the www.teepublic.com website to purchase its clothing products instead by advertising and promoting clothing products that include Plaintiff's **THE LONELY HEARTS CLUB®** trademark.   The aforementioned use of Plaintiff's trademark by TP is a "use in commerce" of Plaintiff's brand name.

47.     Upon information and belief, Defendant TP is also bidding and purchasing adwords under Plaintiff's **THE LONELY HEARTS CLUB®** trademark that is directing consumers looking for Plaintiff's clothing to the www.teepublic.com website to purchase its clothing products instead of Plaintiff's clothing items under the **THE LONELY HEARTS CLUB®** mark.   The aforementioned use of Plaintiff's trademark in search engine keyword advertising programs by TP is a "use in commerce" of Plaintiff's trademark for a profit.

48.     Defendant TP's use in commerce of Plaintiff's **THE LONELY HEARTS CLUB®** trademark is not a fair use as TP is using the mark for commercial business purposes and for a profit.

49.     Defendant TP's use in commerce of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under **THE LONELY HEARTS CLUB®** mark.

50.     Defendant TP has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **THE LONELY HEARTS CLUB®** trademark.

51.     Upon information and belief, Defendant TP had knowledge of Plaintiff's ownership rights in **THE LONELY HEARTS CLUB®** mark and failed to implement any procedure that would prevent its sales team from uploading content or designs that included Plaintiff's registered trademark.

52.     Defendant TP's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.teepublic.com website.

53.     Defendant TP acted in bad faith in using Plaintiff's trademark as it has attempted to palm off the good will and reputation that Plaintiff has built in his **THE LONELY HEARTS CLUB®** mark.

54.     Defendant Zazzle, Inc. is a retailer of clothing and related accessories and merchandise.

55.     Defendant Zazzle owns, operates and manages an online retail store that uses in commerce, Plaintiff's trademark to promote, advertise, sell and offer for sale t-shirts and other clothing products using Plaintiff's **THE LONELY HEARTS CLUB®** trademark.

56.     Defendant Zazzle is using Plaintiff's trademark in commerce by promoting, advertising, selling and offering for sale clothing items including and under Plaintiff's **THE LONELY HEARTS CLUB®** trademark via its www.zazzle.com website.

57.     Upon information and belief, Defendant Zazzle is also utilizing Plaintiff's **THE LONELY HEARTS CLUB®** trademark as a keyword in online advertising that is directing consumers looking for Plaintiff's clothing to the www.zazzle.com website to purchase its clothing products instead by advertising and promoting clothing products that include Plaintiff's

THE LONELY HEARTS CLUB® trademark.   The aforementioned use of Plaintiff's trademark by Zazzle is a "use in commerce" of Plaintiff's brand name.

58.     Upon information and belief, Defendant Zazzle is also bidding and purchasing adwords under Plaintiff's **THE LONELY HEARTS CLUB®** trademark that is directing consumers looking for Plaintiff's clothing to the www.zazzle.com website to purchase its clothing products instead of Plaintiff's clothing items under the **THE LONELY HEARTS CLUB®** mark.   The aforementioned use of Plaintiff's trademark in search engine keyword advertising programs by Zazzle is a "use in commerce" of Plaintiff's trademark for a profit.

59.     Defendant Zazzle's use in commerce of Plaintiff's **THE LONELY HEARTS CLUB®** trademark is not a fair use as Zazzle is using the mark for commercial business purposes and for a profit.

60.     Defendant Zazzle's use in commerce of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under **THE LONELY HEARTS CLUB®** mark.

61.     Defendant Zazzle has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **THE LONELY HEARTS CLUB®** trademark.

62.     Upon information and belief, Defendant Zazzle had knowledge of Plaintiff's ownership rights in **THE LONELY HEARTS CLUB®** mark and failed to implement any procedure that would prevent its sales team from uploading content or designs that included Plaintiff's registered trademark.

63.     Defendant Zazzle's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.zazzle.com website.

64.     Defendant Zazzle acted in bad faith in using Plaintiff's trademark as it has attempted to palm off the good will and reputation that Plaintiff has built in his **THE LONELY HEARTS CLUB®** mark.

65.     Defendant Etsy, Inc. is a retailer of clothing and related accessories and merchandise.

66.     Defendant Etsy owns, operates and manages an online retail store that uses in commerce, Plaintiff's trademark to promote, advertise, sell and offer for sale t-shirts and other clothing products using Plaintiff's **THE LONELY HEARTS CLUB®** trademark.

67.     Defendant Etsy is using Plaintiff's trademark in commerce by promoting, advertising, selling and offering for sale clothing items including and under Plaintiff's **THE LONELY HEARTS CLUB®** trademark via its www.etsy.com website.

68.     Upon information and belief, Defendant Etsy is also utilizing Plaintiff's **THE LONELY HEARTS CLUB®** trademark as a keyword in online advertising that is directing consumers looking for Plaintiff's clothing to the www.etsy.com website to purchase its clothing products instead by advertising and promoting clothing products that include Plaintiff's **THE LONELY HEARTS CLUB®** trademark.  The aforementioned use of Plaintiff's trademark by Etsy is a "use in commerce" of Plaintiff's brand name.

69.     Upon information and belief, Defendant Etsy is also bidding and purchasing adwords under Plaintiff's **THE LONELY HEARTS CLUB®** trademark that is directing consumers looking for Plaintiff's clothing to the www.etsy.com website to purchase its clothing products instead of Plaintiff's clothing items under the **THE LONELY HEARTS CLUB®** mark.  The aforementioned use of Plaintiff's trademark in search engine keyword advertising programs by Etsy is a "use in commerce" of Plaintiff's trademark for a profit.

70.     Defendant Etsy's use in commerce of Plaintiff's **THE LONELY HEARTS CLUB®** trademark is not a fair use as Etsy is using the mark for commercial business purposes and for a profit.

71.     Defendant Etsy's use in commerce of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under **THE LONELY HEARTS CLUB®** mark.

72.     Defendant Etsy has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **THE LONELY HEARTS CLUB®** trademark.

73.     Upon information and belief, Defendant Etsy had knowledge of Plaintiff's ownership rights in **THE LONELY HEARTS CLUB®** mark and failed to implement any procedure that would prevent its sales team from uploading content or designs that included Plaintiff's registered trademark.

74.     Defendant Etsy's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.etsy.com website.

75.     Defendant Etsy acted in bad faith in using Plaintiff's trademark as it has attempted to palm off the good will and reputation that Plaintiff has built in his **THE LONELY HEARTS CLUB®** mark.

76.     Defendant Amazon.com, LLC is a retailer of clothing and related accessories and merchandise.

77.     Defendant Amazon owns, operates and manages an online retail store that uses in commerce, Plaintiff's trademark to promote, advertise, sell and offer for sale t-shirts and other clothing products using Plaintiff's **THE LONELY HEARTS CLUB®** trademark.

78.     Defendant Amazon is using Plaintiff's trademark in commerce by promoting, advertising, selling and offering for sale clothing items including and under Plaintiff's **THE LONELY HEARTS CLUB®** trademark via its www.amazon.com website.

79.     Upon information and belief, Defendant Amazon is also utilizing Plaintiff's **THE LONELY HEARTS CLUB®** trademark as a keyword in online advertising that is directing consumers looking for Plaintiff's clothing to the www.amazon.com website to purchase its clothing products instead by advertising and promoting clothing products that include Plaintiff's **THE LONELY HEARTS CLUB®** trademark.   The aforementioned use of Plaintiff's trademark by Amazon is a "use in commerce" of Plaintiff's brand name.

80.     Upon information and belief, Defendant Amazon is also bidding and purchasing adwords under Plaintiff's **THE LONELY HEARTS CLUB®** trademark that is directing consumers looking for Plaintiff's clothing to the www.amazon.com website to purchase its clothing products instead of Plaintiff's clothing items under the **THE LONELY HEARTS CLUB®** mark.   The aforementioned use of Plaintiff's trademark in search engine keyword advertising programs by Amazon is a "use in commerce" of Plaintiff's trademark for a profit.

81.     Defendant Amazon's use in commerce of Plaintiff's **THE LONELY HEARTS CLUB®** trademark is not a fair use as Amazon is using the mark for commercial business purposes and for a profit.

82.     Defendant Amazon's use in commerce of Plaintiff's trademark has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under **THE LONELY HEARTS CLUB®** mark.

83.     Defendant Amazon has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **THE LONELY HEARTS CLUB®** trademark.

84.     Upon information and belief, Defendant Amazon had knowledge of Plaintiff's ownership rights in **THE LONELY HEARTS CLUB®** mark and failed to implement any

procedure that would prevent its sales team from uploading content or designs that included Plaintiff's registered trademark.

85. Defendant Amazon's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.amazon.com website.

86. Defendant Amazon acted in bad faith in using Plaintiff's trademark as it has attempted to palm off the good will and reputation that Plaintiff has built in his **THE LONELY HEARTS CLUB®** mark.

87. Defendant Shopify (USA), Inc. is an e-commerce business that provides a platform and online store to third party account users and is providing hosting services and an online store to purchase t-shirts, hoodies and other merchandise and are marketing, promoting, selling and offering for sale via its account holders website www.massiveactionapparel.com clothing items promoted under Plaintiff's **THE LONELY HEARTS CLUB®** trademark.

88. Defendant Shopify's use of Plaintiff's trademarks is not a fair use as Shopify and its account user are using the marks for commercial business purposes and for a profit from the website www.massiveactionapparel.com.

89. Defendant Shopify has the ability to manage, monitor and control the infringing activity that violates Plaintiff's trademarks on the www.massiveactionapparel.com website.

90. Defendant Shopify's use of Plaintiff's **THE LONELY HEARTS CLUB®** mark has already caused confusion and is likely to cause future and additional instances of confusion as to the source of clothing products under the **THE LONELY HEARTS CLUB®** mark owned by Plaintiff.

91. Defendant Nordstrom is a retailer of footwear and clothing.

92.     Defendant Nordstrom owns, operates and manages various apparel stores that promote, advertise, sell and offer for sale clothing products in commerce using Plaintiff's **THE LONELY HEARTS CLUB®** trademark.

93.     Defendant Nordstrom also operates and e-commerce store via the website www.nordstrom.com.

94.     Defendant Nordstrom is using Plaintiff's trademarks in commerce by promoting, advertising, selling and offering for sale clothing items that place Plaintiff's **THE LONELY HEARTS CLUB®** trademark and/or a confusingly similar variation of the same on clothing products by printing and embroidering Plaintiff's **THE LONELY HEARTS CLUB®** mark in whole or in part on clothing products that it sells via its www.nordstrom.com website and at its retail clothing stores.

95.     Defendant Nordstrom's use in commerce of Plaintiff's **THE LONELY HEARTS CLUB®** trademark is not a fair use as Nordstrom is using the marks for commercial business purposes and for a profit.

96.     Defendant Nordstrom's use in commerce of Plaintiff's **THE LONELY HEARTS CLUB®** trademark has already caused confusion and its continued use is likely to continue to cause confusion as to the source of the clothing products under Plaintiff's **THE LONELY HEARTS CLUB®** mark.

97.     Defendant Nordstrom has the ability to manage, monitor and control the infringing activity that violates Plaintiff's **THE LONELY HEARTS CLUB®** trademark.

98.     Defendant Nordstrom had knowledge of Plaintiff's ownership rights in the **LES NYC®** and/or **LES™** marks and failed to implement any procedure that would prevent its sales team from uploading products to its www.nordstrom.com website or offering products at its retail stores that included Plaintiff's registered trademarks.

99.     Defendant Nordstrom's infringement of Plaintiff's trademarks is willful as it is aware of the infringing content it is displaying, selling and offering for sale from its www.nordstrom.com website and/or that it is selling at its retail clothing stores.

100.    Defendant Nordstrom acted in bad faith in using Plaintiff's trademarks as it has attempted to palm off the good will and reputation that Plaintiff has built in his **THE LONELY HEARTS CLUB®** mark.

## FIRST CAUSE OF ACTION
## TRADEMARK INFRINGEMENT (15 U.S.C. §§ 1114-1116)

101.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 100 of this Complaint.

102.    The use in commerce by Defendants of an identical version of Plaintiff's registered trademark is likely to cause confusion, mistake and deception among members of the public and in trade as to the source, origin, or sponsorship of defendants' goods and services. Such use by Defendants constitutes a clear and direct infringement of Plaintiff's rights in and to Plaintiff's registered trademark, and has resulted in injury and damage to Plaintiff that will continue if Defendants are not ordered to cease all use of the **THE LONELY HEARTS CLUB®** mark.

## SECOND CAUSE OF ACTION
## UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)

103.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 102 of this Complaint.

104.    Plaintiff has the exclusive right to market, brand and provide clothing related goods using the **THE LONELY HEARTS CLUB®** mark.

105.    Defendants by reason of the aforementioned acts, have falsely described, represented and designated the origin of its goods and services.  Defendants' activities already have confused the public into believing that Defendants and Plaintiff's clothing goods and accessories come from one and the same source, and Defendants continued activities are likely to create further confusion and deceive the public concerning the source of the goods/services.

106.    Defendants have unfairly profited from the actions alleged herein and will continue to unfairly profit and become unjustly enriched unless and until such conduct is enjoined by this Court.

107.    By reason of Defendants willful acts conducted in conscious disregard for Plaintiff's rights, Plaintiff is entitled to treble damages under 15 U.S.C. § 1117(a).

## THIRD CAUSE OF ACTION
## COMMON LAW TRADEMARK INFRINGEMENT & UNFAIR COMPETITION

108.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 107 of this Complaint.

109.    Defendants conduct constitutes deception by which Defendants goods will be palmed off as those of Plaintiff.  Such conduct constitutes trademark infringement and unfair competition in violation of the laws of the State of New York.

110.    Defendants unauthorized use of Plaintiff's **THE LONELY HEARTS CLUB®** marks is likely to continue to cause further confusion to the public as to the clothing goods and accessories of the respective parties.

111.    By reason of the foregoing, Defendants have infringed and continue to infringe on Plaintiff's common law rights in **THE LONELY HEARTS CLUB®** mark and Defendants have become unjustly enriched by such acts of infringement.

112.    Defendants unlawful conduct has been and will continue to be willful or willfully blind to Plaintiff's rights, as Defendant has reason to know of Plaintiff's rights in the name.

## FOURTH CAUSE OF ACTION
## UNJUST ENRICHMENT

113.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 112 of this Complaint.

114.    Defendants have unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's **THE LONELY HEARTS CLUB®** marks.

115.    Defendant's actions constitute unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief as follows:

1.    Entry of an order and judgment requiring that all Defendants, its subsidiaries, officers, agents, servants, employees, owners, and representatives, and all other persons or entities in active concert or participation with them, be preliminarily and, thereafter, permanently enjoined and restrained from (a) using in any manner the trade name, trademark, domain name or other indicia or origin, including in whole or part the term **THE LONELY HEARTS CLUB®**, or any colorable imitation thereof; (b) advertising, operating a website, using business stationary or offering any goods or services using the trade name, trademark, domain name, URL, or any other indicia of origin including in whole or part the term **THE LONELY HEARTS CLUB®**, or any colorable imitation thereof; (c) otherwise engaging in any acts of unfair competition and infringement which tend to injure Plaintiff's rights in the **THE LONELY HEARTS CLUB®** mark.

2.      That Defendants be required to account to Plaintiff for any and all profits derived by it, and to compensate Plaintiff for all the damages sustained by reason of the acts complained of herein, and that the damages herein be trebled pursuant to the Trademark Act.

3.      That Defendants be ordered to deliver up for destruction any and all infringing materials bearing **THE LONELY HEARTS CLUB®** mark, and any colorable imitation thereof, in whole or part.

4.      That Plaintiff be awarded punitive damages against all Defendants.

5.      That Defendant be required to place advertisements or send notifications to past and present customers that it improperly has been using the **THE LONELY HEARTS CLUB®** marks.

6.      That Plaintiff be awarded statutory damages in the amount of $1,000,000.00 for Defendants acts of willful infringement of Plaintiff's trademark.

7.      That Plaintiff be awarded the cost and disbursements of this action.

8.      That Plaintiff have such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues.

Dated: April 7, 2021
       New York, New York

Respectfully submitted,
Jose Rodriguez – Pro Se

Jose Rodriguez
Pro Se Plaintiff
745 E. 6th Street – Suite #4C
New York, New York 10009
(646) 498-8289

**EXHIBIT A**

# United States of America

## United States Patent and Trademark Office

## THE LONELY HEARTS CLUB

**Reg. No. 5,250,790**

**Registered Jul. 25, 2017**

**Int. Cl.: 25**

**Trademark**

**Principal Register**

Rodriguez, Jose (UNITED STATES INDIVIDUAL)
745 E. 6th Street - Suite 4C
New York, NY 10009

CLASS 25: Headwear; Jeans; Sweaters; T-shirts; Caps; Crew neck sweaters; Short-sleeved or long-sleeved t-shirts

FIRST USE 8-1-2009; IN COMMERCE 8-1-2009

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT STYLE, SIZE OR COLOR

SER. NO. 87-286,499, FILED 12-31-2016
FLORENTINA BLANDU, EXAMINING ATTORNEY



*Joseph Matal*

Performing the Functions and Duties of the
Under Secretary of Commerce for
Intellectual Property and Director of the
United States Patent and Trademark Office