UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
JOSE RODRIGUEZ,                                             :
:
                     Plaintiff,                     :
:         21-CV-2973 (VSB)
        -against-                                          :
:              **ORDER**
MASSIVE ACTION, LLC. et al.,                                :
:
                     Defendants.                    :
:
:
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/4/2021

<u>VERNON S. BRODERICK</u>, United States District Judge:

      Under the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (internal quotation marks omitted).

      On April 7, 2021, Plaintiff filed this action against eight defendants: Amazon.com, LLC ("Amazon"), Etsy, Inc., Massive Action, LLC, Nordstrom, Inc., RedBubble, Inc., Shopify (USA), Inc. ("Shopify"), TP Apparel, LLC, and Zazzle, Inc. (Doc. 1.) Plaintiff obtained summonses for the Defendants that same day. On July 9, 2021—when service was already overdue—I issued an order requiring Plaintiff to submit a letter of no more than three (3) pages, supported by legal authority, demonstrating good cause as to why this case should not be dismissed pursuant to Rule 4(m), by July 22, 2021. (Doc. 3.) I warned Plaintiff that failure to

comply with the order would result in dismissal of this case. (*Id.*) This order was subsequently mailed to Plaintiff, who is proceeding pro se.

Thereafter, attorneys from Etsy, Massive Action, Shopify, Amazon, and Zazzle appeared. (Docs. 4, 6, 7, 9, 21.) Amazon, Shopify, Etsy, and Zazzle sought extensions to respond to the complaint, (Docs. 5, 10, 11, 22), and I granted those requests, (Docs. 8, 12, 13, 23). On July 22, 2021, Plaintiff filed proof of service on Shopify, Zazzle, Etsy, Massive Action, and Amazon. (Docs. 14, 15, 17, 18, 19.) Plaintiff also submitted an affidavit of reasonable diligence, which indicated that service had been attempted, unsuccessfully, six times on RedBubble. (Doc. 16.)

On July 23, 2021, Massive Action filed a letter stating that it should be dismissed from the action without prejudice because "[a]s illustrated by the Affidavit of Service filed by Plaintiff . . . Massive Action was not served with a copy of the Summons and Complaint until Saturday, July 10, 2021, ninety-four (94) days after the Complaint was filed," and Plaintiff had failed to demonstrate good cause for why the case against Massive Action should not be dismissed. (Doc. 20.) On August 2, 2021, Massive Action filed a motion to dismiss Plaintiff's claim against it pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12 (b)(5) because Plaintiff failed to serve Massive Action within 90 days, failed to establish good cause, failed to serve an authorized agent, and the summons was addressed to Defendant Etsy. (Doc. 24.)

Other than filing proof of service on Shopify, Zazzle, Etsy, Massive Action, and Amazon and an affidavit of reasonable diligence regarding service on RedBubble, Plaintiff has not responded to my order directing him to demonstrate good cause. Plaintiff failed to serve Massive Action within 90 days, and has failed to file anything indicating that he has served Nordstrom or TP Apparel. "[W]here a pro se plaintiff has failed to effectuate timely service, courts have typically held that dismissal without prejudice is appropriate." *Zapata v. Isabella Geriatric Ctr.*, No. 12 Civ. 00738(ALC)(DF), 2013 WL 1762900, at *2 (S.D.N.Y. Apr. 1, 2013),

*report and recommendation adopted*, No. 12 Civ. 738(ALC), 2013 WL 1762168 (S.D.N.Y. Apr. 24, 2013).

Accordingly, it is hereby:

ORDERED that, in accordance with Rule 4(m), Plaintiff's claims against Defendants Massive Action, LLC, Nordstrom, Inc., and TP Apparel, LLC are DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Plaintiff must serve and file proof of service on RedBubble by on or before August 17, 2021, or RedBubble will be dismissed from this action.

The Clerk of Court is respectfully directed to terminate docket entry 24. The Clerk of Court is directed to mail a copy of this order to Pro Se Plaintiff.

SO ORDERED.

Dated:   August 4, 2021
         New York, New York

_____
VERNON S. BRODERICK
United States District Judge