**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

JOSE RODRIGUEZ,

Plaintiff,

v.

MASSIVE ACTION, LLC, REDBUBBLE, INC., TP APPAREL, LLC, ZAZZLE, INC., ETSY, INC., AMAZON.COM, LLC, SHOPIFY (USA), INC., and NORDSTROM, INC.

Defendants.

Civil Action No. 1:21-cv-02973-VSB

**ETSY, INC.'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO DISMISS**

Date: August 23, 2021
Syracuse, New York

Brendan M. Palfreyman
HARRIS BEACH PLLC
100 Wall Street
New York, NY 10005
Telephone: (212) 687-0100
Facsimile: (212) 687-0659
bpalfreyman@harrisbeach.com

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..... ii

I. INTRODUCTION ..... 1

II. FACTUAL BACKGROUND ..... 1

A. Plaintiff and the Asserted Trademark ..... 1

B. Background on Etsy ..... 3

III. LEGAL STANDARD ..... 4

IV. ARGUMENT ..... 5

A. Plaintiff Does Not State a Claim For Trademark Infringement or Unfair Competition Against Etsy (Counts I, II, and III) ..... 5

1. Plaintiff Fails to Allege Sufficient Facts to State A Claim For Trademark Infringement or Unfair Competition ..... 5

2. Plaintiff Cannot Show That Etsy "Used" The Alleged Mark in Commerce on Any Goods ..... 8

3. Plaintiff's State Law Claims Fail for the Same Reason and Because There Are No Allegations of Bad Faith Conduct by Etsy ..... 9

B. Plaintiff Cannot State a Claim for Unjust Enrichment (Count IV) ..... 10

1. Plaintiff Fails to Allege Any Relationship with Etsy ..... 10

2. The Communications Decency Act, 47 U.S.C. § 230, Bars the Unjust Enrichment Claim ..... 11

V. CONCLUSION ..... 12

**TABLE OF AUTHORITIES**

Page

**Cases**

*1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400 (2d Cir. 2005) ..... 8

*Altayyar v. Etsy, Inc.*, 242 F. Supp. 3d 161 (E.D.N.Y. 2017) ..... 3, 9

*Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, No. 10-cv-3314, 2015 WL 4033019 (S.D.N.Y. June 26, 2015) ..... 7

*Ascentive, LLC v. Opinion Corp.*, 842 F. Supp. 2d 450 (E.D.N.Y. 2011) ..... 11

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..... 4

*Associated Press v. All Headline News Corp.*, 608 F. Supp. 2d 454 (S.D.N.Y. 2009) ..... 7

*Atuahene v. City of Hartford*, 10 F. App'x 33 (2d Cir. 2001) ..... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..... 4, 5

*Brown v. Daikin Am., Inc.*, 756 F.3d 219 (2d Cir. 2014) ..... 5

*Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002) ..... 3

*Chavis v. Chappius*, 618 F.3d 162 (2d Cir. 2010) ..... 5

*Cuoco v. Moritsugu*, 222 F.3d 99 (2d Cir. 2000) ..... 5

*Dawkins v. Gonyea*, 646 F. Supp. 2d 594 (S.D.N.Y. 2009) ..... 5

*Dow Jones & Co. v. Int'l Sec. Exch., Inc.*, 451 F.3d 291 (2d Cir. 2006) ..... 6

*Felix the Cat Prods., Inc. v. California Clock Co.*, No. 04-cv-5714, 2007 WL 1032267 (S.D.N.Y. Mar. 30, 2007) ..... 7

*Franklin v. Gear 101, LLC*, No. 17-cv-6452, 2018 WL 3528731 (S.D.N.Y. July 23, 2018) ..... 5

*Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205 (2d Cir. 2004) .................................................. 4

*Herrick v. Grindr, LLC*, 306 F. Supp. 3d 579 (S.D.N.Y. 2018),
*aff'd* No. 18-396, 2019 WL 1384092 (2d Cir. March 27, 2019),
*cert. denied* 140 S. Ct. 221 (2019) ........................................................................... 11

*Hirsch v. Arthur Andersen & Co.*, 72 F.3d 10852 (2d Cir. 1995) ................................................ 4

*LaChapelle v. Fenty*, 812 F. Supp. 2d 434 (S.D.N.Y. 2011) ......................................................... 9

*Lively v. WAFRA Inv. Advisory Grp., Inc.*, No. 20-2709,
2021 WL 3118943 (2d Cir. July 23, 2021) .................................................................... 3

*Lopez v. Adidas Am., Inc.*, No. 19-cv-7361,
2020 WL 2539116 (S.D.N.Y. May 19, 2020) ............................................................... 11

*Lopez v. Aeropostale Inc.*, No. 1:11-cv-04166-RMB-HBP
(S.D.N.Y. filed June 20, 2011) ................................................................................... 2

*Lopez v. American Eagle Outfitters, Inc.*,
1:16-cv-08086-GHW (S.D.N.Y. filed Oct. 25, 2016) .................................................... 2

*Lopez v. BigCommerce, Inc.*, 1:16-cv-08970-JPO
(S.D.N.Y. filed Nov. 18, 2016) ............................................................................... 2, 11

*Lopez v. Bigcommerce, Inc.*, No. 16-cv-8970,
2017 WL 3278932 (S.D.N.Y August 1, 2017) ........................................................ 8, 10

*Lopez v. Bloomingdale's, Inc.*, 1:16-cv-00752-LGS
(S.D.N.Y. filed Feb. 2, 2016) ..................................................................................... 2

*Lopez v. Bonanza.com, Inc.*, No. 17-cv-8493,
2019 WL 5199431 (S.D.N.Y. Sep. 30, 2019) .............................................................. 10

*Lopez v. Coat of Arms, LLC*, 1:11-cv-07580-LBS-DCF
(S.D.N.Y. filed Oct. 26, 2011) .................................................................................... 2

*Lopez v. Cotton On USA, Inc.*, 1:16-cv-06919-PGG
(S.D.N.Y. filed Sept. 2, 2016) ..................................................................................... 2

*Lopez v. DrJays.com, Inc.*, 1:16-cv-10053-VSB
(S.D.N.Y. filed Dec. 30, 2016) .................................................................................... 2

*Lopez v. Forever 21 Retail, Inc.*, 1:16-cv-05123-JPO
(S.D.N.Y. filed June 29, 2016) ................................................................................... 2

*Lopez v. Fox*, 1:16-cv-03936-VEC-KNF (S.D.N.Y. filed May 26, 2016) ........ 2

*Lopez v. Instagram, Inc*., 1:16-cv-09876-RJS (S.D.N.Y. filed Dec. 22, 2016) ........ 2

*Lopez v. J. Crew. Inc*., No. 1:11-cv-00450-LTS-GWG (S.D.N.Y. filed Jan. 21, 2011) ........ 2

*Lopez v. Macys.com Inc.,* No. 1:12-cv-04621-PGG (S.D.N.Y. filed June 13, 2012) ........ 2

*Lopez v. Nordstrom, Inc.,* No. 1:16-cv-03194-RJS (S.D.N.Y. filed April 29, 2016) ........ 2

*Lopez v. Only NY Store LLC*, 1:17-cv-04257-GHW (S.D.N.Y. filed June 6, 2017) ........ 3

*Lopez v. Ooshirts, Inc*., 1:16-cv-05426-GHW (S.D.N.Y. filed July 7, 2016) ........ 2

*Lopez v. Payless ShoeSource, Inc*., No. 1:10-cv-08962-JSR-HBP (S.D.N.Y. filed Nov. 30, 2010) ........ 2

*Lopez v. Puma North America, Inc*., 1:15-cv-08874-GHW (S.D.N.Y. filed Nov. 10, 2015) ........ 2

*Lopez v. RedBubble, Inc*., 1:16-cv-10054-VSB (S.D.N.Y. filed Dec. 30, 2016) ........ 2

*Lopez v. RUE21, Inc.,* 1:17-cv-05828-WHP (S.D.N.Y. filed Aug. 1, 2017) ........ 3

*Lopez v. Sears Holdings Corp*., No. 1:15-cv-10068-WHP (S.D.N.Y. filed Dec. 28, 2015) ........ 2

*Lopez v. Shirts without Buttons, L.L.C*., 1:16-cv-04399-LTS-SN (S.D.N.Y. filed June 13, 2016) ........ 2

*Lopez v. Shopify, Inc. et al*, 1:16-cv-09761-VEC-AJP ( S.D.N.Y. filed Dec. 19, 2016) ........ 2

*Lopez v. Sixty Hotels, LLC*, 1:16-cv-04835-KPF (S.D.N.Y. filed June 22, 2016) ........ 2

*Lopez v. Skreened, LTD.*, 1:17-cv-00142-JGK (S.D.N.Y. filed Jan. 9, 2017) ........................................ 2

*Lopez v. Society6, LLC*, 1:16-cv-06958-AJN-DCF (S.D.N.Y. filed Sept.. 6, 2016)........................................ 2

*Lopez v. Sportswear, Inc.*, 1:17-cv-04156-RA (S.D.N.Y. filed June 2, 2017) ........................................ 3

*Lopez v. Teespring, Inc.*, 1:15-cv-03885-RJS (S.D.N.Y. filed May 20, 2015) ........................................ 2

*Lopez v. The Endurance International Group Inc.*, 1:17-cv-04774-LGS (S.D.N.Y. filed June 23, 2017) ........................................ 3

*Lopez v. The Gap, Inc.*, 1:11-cv-03185-PAE (S.D.N.Y. filed May 11, 2011) ........................................ 2

*Lopez v. Urban Outfitters, Inc.*, 1:11-cv-03929-PGG (S.D.N.Y. filed June 9, 2011) ........................................ 2

*Lopez v. Wal-Mart Stores, Inc.*, 1:17-cv-03422-ALC (S.D.N.Y. filed May 8, 2017) ........................................ 2

*Lopez v. Zumiez, Inc.*, 1:16-cv-04395-RJS (S.D.N.Y. filed June 13, 2016) ........................................ 2

*Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173 (2011) ........................................ 10

*Public Free Will Corp. v. Verizon Communications Inc.*, No. 15-cv-6354, 2017 WL 1047330 (E.D.N.Y. Mar. 17, 2017)........................................ 7

*Ricci v. Teamsters Union Local 456*, 13-CV-07729 (NSR), 2014 WL 11353151 (S.D.N.Y. Apr. 28, 2014), *aff'd*, 781 F.3d 25 (2d Cir. 2015) ........................................ 11

*TufAmerica, Inc. v. Codigo Music LLC*, 162 F. Supp. 3d 295 (S.D.N.Y. 2016)........................................ 9

*Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156 (S.D.N.Y. 2015)........................................ 3

**Statutes**

15 U.S.C. § 1114 ........ 5

15 U.S.C. § 1114(1) ........ 8

15 U.S.C. § 1116 ........ 5

15 U.S.C. § 1125(a) ........ 5, 8

15 U.S.C. § 1127 ........ 8

47 U.S.C. § 230 ........ 11

47 U.S.C. § 301(e)(3) ........ 11

**Rules**

Fed. R. Civ. P. 8(a)(2) ........ 4

Fed. R. Civ. P. 12(b)(6) ........ 1, 4

Fed. R. Evid. 201(b) ........ 3

Etsy, Inc. ("Etsy") submits this Memorandum of Law in support of its motion to dismiss the Complaint filed by Plaintiff Jose Rodriguez ("Plaintiff") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## I. INTRODUCTION

Plaintiff alleges that he owns the trademark THE LONELY HEARTS CLUB (the "Asserted Mark") for clothing, and has sued Etsy (and seven other defendants) for trademark infringement and unjust enrichment based entirely on legal conclusions and unfounded allegations. The Complaint does not provide specific factual allegations as to how Etsy is allegedly "using" the mark in commerce, nor can it: ***Etsy is not a clothing manufacturer, distributor, or retailer***. Indeed, Etsy is left tilting at windmills with regard to ***how*** exactly it is purportedly infringing and ***what*** exactly is accused. Plaintiff's unsupported conclusory allegations do not adequately state a claim for federal or common law trademark infringement, and Plaintiff entirely fails to plead the bad faith required to sustain a common law action. Plaintiff's separate unjust enrichment claim is also barred by the Communications Decency Act, because Etsy is a provider of an interactive computer service. Pursuant to Federal Rule of Civil Procedure 12(b)(6), such facially deficient and implausible claims must be dismissed with prejudice.

## II. FACTUAL BACKGROUND

### A. Plaintiff and the Asserted Trademark

Plaintiff asserts that he has been selling apparel under THE LONELY HEARTS CLUB since 2009. Plaintiff also allegedly owns a federal trademark registration for THE LONELY HEARTS CLUB for "headwear, jeans, sweaters, t-shirts, caps, crew neck sweaters, short-sleeved

or long-sleeved t-shirts" in International Class 25.[1] Although Plaintiff filed his Complaint as a pro se plaintiff, Plaintiff is not a babe in the woods. Upon reaching out to Plaintiff, counsel for Etsy was directed to his "business manager Robert Lopez" who "manages [his] IP Portfolio." Decl. of Brendan M. Palfreyman, Esq. dated August 23, 2021 ¶ 2. Mr. Lopez, copying Plaintiff, was the one who provided consent for Etsy's extension of time to answer or otherwise respond to the complaint. *Id*. In other words, it appears Plaintiff delegated the prosecution of this lawsuit to Mr. Lopez, a serial, apparently non-attorney IP litigant in the Southern District of New York, having filed dozens of trademark/copyright lawsuits in this Court.[2]

---

[1] While not necessary to the Court's decision, for purposes of background, Etsy notes that the trademark at issue is currently subject to Cancellation Proceeding brought by former co-defendant Massive Action, LLC on the grounds of abandonment before the Trademark Trial and Appeal Board.

[2] *See, e.g.*, *Lopez v. DrJays.com, Inc.*, 1:16-cv-10053-VSB (S.D.N.Y. filed Dec. 30, 2016); *Lopez v. RedBubble, Inc*., 1:16-cv-10054-VSB (S.D.N.Y. filed Dec. 30, 2016); *Lopez v. Payless ShoeSource, Inc*., No. 1:10-cv-08962-JSR-HBP (S.D.N.Y. filed Nov. 30, 2010); *Lopez v. Aeropostale Inc.*, No. 1:11-cv-04166-RMB-HBP (S.D.N.Y. filed June 20, 2011); *Lopez v. The Gap, Inc*., 1:11-cv-03185-PAE (S.D.N.Y. filed May 11, 2011); *Lopez v. Urban Outfitters, Inc*., 1:11-cv-03929-PGG (S.D.N.Y. filed June 9, 2011); *Lopez v. Coat of Arms, LLC*, 1:11-cv-07580-LBS-DCF (S.D.N.Y. filed Oct. 26, 2011); *Lopez v. Macys.com Inc.,* No. 1:12-cv-04621-PGG (S.D.N.Y. filed June 13, 2012); *Lopez v. J. Crew. Inc*., No. 1:11-cv-00450-LTS-GWG (S.D.N.Y. filed Jan. 21, 2011); *Lopez v. Teespring, Inc*., 1:15-cv-03885-RJS (S.D.N.Y. filed May 20, 2015); Lopez v. Sears Holdings *Corp*., No. 1:15-cv-10068-WHP (S.D.N.Y. filed Dec. 28, 2015); *Lopez v. Nordstrom, Inc.,* No. 1:16-cv-03194-RJS (S.D.N.Y. filed April 29, 2016); *Lopez v. Puma North America, Inc*., 1:15-cv-08874-GHW (S.D.N.Y. filed Nov. 10, 2015); *Lopez v. Bloomingdale's, Inc*., 1:16-cv-00752-LGS (S.D.N.Y. filed Feb. 2, 2016); Lopez v. Fox, 1:16-cv-03936-VEC-KNF (S.D.N.Y. filed May 26, 2016); *Lopez v. Shirts without Buttons, L.L.C*., 1:16-cv-04399-LTS-SN (S.D.N.Y. filed June 13, 2016); *Lopez v. Zumiez, Inc*., 1:16-cv-04395-RJS (S.D.N.Y. filed June 13, 2016); *Lopez v. Sixty Hotels, LLC*, 1:16-cv-04835-KPF (S.D.N.Y. filed June 22, 2016); *Lopez v. Forever 21 Retail, Inc*., 1:16-cv-05123-JPO (S.D.N.Y. filed June 29, 2016); *Lopez v. Ooshirts, Inc*., 1:16-cv-05426-GHW (S.D.N.Y. filed July 7, 2016); *Lopez v. Cotton On USA, Inc*., 1:16-cv-06919-PGG (S.D.N.Y. filed Sept. 2, 2016); *Lopez v. Society6, LLC*, 1:16-cv-06958-AJN-DCF (S.D.N.Y. filed Sept.. 6, 2016); *Lopez v. American Eagle Outfitters, Inc*., 1:16-cv-08086-GHW (S.D.N.Y. filed Oct. 25, 2016); *Lopez v. BigCommerce, Inc*., 1:16-cv-08970-JPO (S.D.N.Y. filed Nov. 18, 2016); *Lopez v. Shopify, Inc. et al*, 1:16-cv-09761-VEC-AJP (S.D.N.Y. filed Dec. 19, 2016); *Lopez v. Instagram, Inc*., 1:16-cv-09876-RJS (S.D.N.Y. filed Dec. 22, 2016); *Lopez v. Skreened, LTD*., 1:17-cv-00142-JGK (S.D.N.Y. filed Jan. 9, 2017); *Lopez v. Wal-Mart Stores, Inc*., 1:17-cv-03422-ALC (S.D.N.Y. filed May 8, 2017); *Lopez v. Sportswear, Inc*., 1:17-cv-04156-RA

### B. Background on Etsy

As a marketplace for sellers of unique and creative goods, Etsy provides a platform where buyers and third party sellers can connect.[3] The Court may also take judicial notice of the fact that Etsy operates a marketplace of third-party sellers because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), such as www.etsy.com itself – which is incorporated into the Plaintiff's own complaint – and the court's decision in *Altayyar v. Etsy, Inc.*, 242 F. Supp. 3d 161 (E.D.N.Y. 2017), which states: "Etsy, a Brooklyn-based company, operates a website that connects buyers and sellers of handmade and vintage goods, as well as craft supplies." Id. at 167. Its role online is similar to that of shopping malls or craft fairs in physical venues. Etsy does not make, hold inventory, or ship any products itself; rather, it is an online marketplace for third-party sellers: "Etsy is marketplace comprised of individual third-party sellers who run their own shops . . . . [and] Etsy does not manufacture goods, hold inventory, or ship items on behalf of our sellers." Likewise, "[t]here's

---

(S.D.N.Y. filed June 2, 2017); *Lopez v. Only NY Store LLC*, 1:17-cv-04257-GHW (S.D.N.Y. filed June 6, 2017); *Lopez v. The Endurance International Group Inc.*, 1:17-cv-04774-LGS (S.D.N.Y. filed June 23, 2017); and *Lopez v. RUE21, Inc.,* 1:17-cv-05828-WHP (S.D.N.Y. filed Aug. 1, 2017).

[3] "[F]or purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination." *Wells Fargo Bank, N.A. v. Wrights Mill Holdings, LLC*, 127 F. Supp. 3d 156, 167 (S.D.N.Y. 2015) (quotation omitted). This information is publicly available on Etsy's website, which resolves from the domain name, etsy.com and is not in dispute. Moreover, at the 12(b)(6) stage, a court can also consider materials extraneous to the complaint without converting the motion to one for summary judgment if they are: (i) incorporated by reference; (ii) "integral" to the complaint; or (iii) subject to judicial notice. *See Lively v. WAFRA Inv. Advisory Grp., Inc.*, No. 20-2709, 2021 WL 3118943, at *6 (2d Cir. July 23, 2021). A document is "integral" when the complaint "relies heavily upon its terms and effect." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). This Court can additionally consider the contents of www.etsy.com both because it is incorporated by reference multiple times in the Complaint and because it is integral to each of the causes of action raised by Plaintiff in the Complaint. *See* Compl. ¶¶ 67-69.

no Etsy warehouse – just millions of people selling the things they love. We make the whole process easy, helping you connect directly with makers to find something extraordinary." *See* ETSY, www.etsy.com and www.etsy.com/legal/ip (last visited August 23, 2021).

## III. LEGAL STANDARD

A cause of action must be dismissed under Rule 12(b)(6) for failure to state a claim "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The allegations must raise the right to relief beyond "possibility" and "above the speculative level." *Id*. at 555, 557. A court evaluating a Rule 12(b)(6) motion to dismiss accepts as true the well-pled facts alleged in the complaint, *see Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995), and draws all reasonable inferences in the plaintiff's favor, *see Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 216 (2d Cir. 2004). However, legal conclusions and conclusory factual allegations are not entitled to an assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009). "[A] formulaic recitation of the elements . . . will not do." *Id*. (quotation omitted).

Ultimately, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements . . . will not do," and neither will "a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (quotation omitted).

Rule 8(a)(2) "requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (quotation omitted). A plaintiff fails to meet this burden when it "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish

their conduct." *Id.* "Pro se plaintiff filings are liberally construed . . . ." *Franklin v. Gear 101, LLC*, No. 17-cv-6452, 2018 WL 3528731, at *4 (S.D.N.Y. July 23, 2018). "However, even the pleadings of pro se plaintiffs 'must contain factual allegations sufficient to raise a right to relief above the speculative level.'" *Id.* at *4 (quoting *Dawkins v. Gonyea*, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009)); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a pro se case . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice") (citation omitted)).

A complaint should be dismissed with prejudice when the "problem" with the complaint is "substantive," and "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

## IV. ARGUMENT

### A. Plaintiff Does Not State a Claim For Trademark Infringement or Unfair Competition Against Etsy (Counts I, II, and III).

Plaintiff asserts three trademark claims against Etsy: trademark infringement under 15 U.S.C. §§ 1114-1116, unfair competition and false designation of origin under 15 U.S.C. § 1125(a), and common law trademark infringement and unfair competition. Compl. ¶¶ 101-112. These claims all suffer from incurable defects, and they should be dismissed with prejudice.

#### 1. Plaintiff Fails to Allege Sufficient Facts to State A Claim For Trademark Infringement or Unfair Competition.

Plaintiff does not plead facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Brown v. Daikin Am., Inc.*, 756 F.3d 219, 225 (2d Cir. 2014). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555.

Although the Complaint alleges that Plaintiff owns a trademark registration, the allegations that Etsy has infringed are entirely formulaic and conclusory. Specifically, Plaintiff alleges that Etsy:

- Etsy is "using Plaintiff's trademark in commerce by promoting, advertising, selling and offering for sale clothing items including and under Plaintiff's THE LONELY HEARTS CLUB® trademark via its www.etsy.com website." Compl. ¶ 67.

- Etsy is "utilizing Plaintiff's THE LONELY HEARTS CLUB® trademark as a keyword in online advertising that is directing consumers looking for Plaintiff's clothing to the www.etsy.com website to purchase its clothing products instead by advertising and promoting clothing products that include Plaintiff's THE LONELY HEARTS CLUB® trademark." *Id.* ¶ 68.

- Etsy is "bidding and purchasing adwords under Plaintiff's THE LONELY HEARTS CLUB® trademark that is directing consumers looking for Plaintiff's clothing to the www.etsy.com website to purchase its clothing products instead of Plaintiffs clothing items under the LONELY HEARTS CLUB® mark. *Id.* ¶ 69.

- Etsy's "use in commerce of Plaintiff's THE LONELY HEARTS CLUB® trademark is not a fair use as Etsy is using the mark for commercial business purposes and for a profit." *Id.* ¶ 70.

- Etsy's "use in commerce of Plaintiff's trademarks has already caused confusion and is likely to continue to cause confusion as to the source of clothing products under THE LONELY HEARTS CLUB® mark." *Id.* ¶ 71.

- Etsy "had knowledge of Plaintiff's ownership rights in THE LONELY HEARTS CLUB® mark and failed to implement any procedure that would prevent its sales team from uploading content or designs that included Plaintiff's registered trademark." *Id.* ¶ 73.

- Etsy "acted in bad faith in using Plaintiff's trademark as it has attempted to palm off the good will and reputation that Plaintiff has built in his THE LONELY HEARTS CLUB® mark." *Id.* ¶ 75.

These bald statements fall well short of the plausibility standard. They are "without any factual allegations concerning the nature of the . . . use, and [do] not give [Etsy] fair notice of the claims against [it] and [do] not show, by facts alleged, that [Plaintiff] is entitled to relief." *Dow Jones & Co. v. Int'l Sec. Exch., Inc.*, 451 F.3d 291, 307 (2d Cir. 2006); *see also Public Free Will Corp. v. Verizon Communications Inc.*, No. 15-cv-6354, 2017 WL 1047330, at *4 (E.D.N.Y.

Mar. 17, 2017); *Felix the Cat Prods., Inc. v. California Clock Co.*, No. 04-cv-5714, 2007 WL 1032267, at *4 (S.D.N.Y. Mar. 30, 2007) ("The mere assertion of trademark infringement, without any factual allegations of the nature of the infringement, simply does not give Defendants fair notice of the claims against them.").

In fact, Plaintiff fails to identify any "t-shirts and other clothing products" that allegedly infringe his mark. *See Associated Press v. All Headline News Corp.*, 608 F. Supp. 2d 454, 462 (S.D.N.Y. 2009) (dismissing trademark infringement claim for failure to state a claim because "[i]t is unclear from the [complaint] precisely what conduct by the defendants is alleged to have infringed the plaintiff's marks"). Similarly, Plaintiff does not identify a single ad allegedly bearing the Asserted Mark that resulted from Etsy's alleged keyword use or AdWord purchase. *See Public Free Will Corp.*, 2017 WL 1047330, at *4 (holding that dismissal was appropriate where the plaintiff's complaint lacked even one example or copy of the allegedly infringing advertising campaign as its absence made it nearly impossible for either the court or the defendant to determine what caused the purported infringement). Critically, nor does Plaintiff allege that such advertisements were likely to cause consumer confusion as to the origin of the products sold. *See Alzheimer's Found. of Am., Inc. v. Alzheimer's Disease & Related Disorders Ass'n, Inc.*, No. 10-cv-3314, 2015 WL 4033019, at *6 (S.D.N.Y. June 26, 2015) ("[Using another company's trademark in commerce is not in itself a violation of the Lanham Act . . . . Put simply, the [plaintiff's] purchase of the [defendant's] trademarks only violates the Act if the advertisements are likely to cause confusion."). Plaintiff's allegations are purely conclusory, fail to provide Etsy with any notice as to the basis of Plaintiff's claim, and the Complaint should be dismissed.

**2. Plaintiff Cannot Show That Etsy "Used" The Alleged Mark in Commerce on Any Goods**

Not only has Plaintiff failed to plausibly plead that Etsy used the Alleged Mark on any goods, it simply cannot do so. To prevail on a trademark infringement and unfair competition claim under the Lanham Act (15 U.S.C. §§ 1114(1), 1125(a)), or under state common law, the plaintiff must show that Etsy "used the mark . . . in commerce." *1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406-07 (2d Cir. 2005); *see also Lopez v. Bigcommerce, Inc.*, No. 16-cv-8970, 2017 WL 3278932, at *3 (S.D.N.Y August 1, 2017) (dismissing trademark claims for failing to sufficiently allege use in commerce).

A mark is "deemed to be in use in commerce" when "it is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale," and the goods are transported or sold in commerce. 15 U.S.C. § 1127. The issue of "'use' must be decided as a threshold matter because, while any number of activities may be 'in commerce' or create a likelihood of confusion, no such activity is actionable under the Lanham Act absent the 'use' of a trademark." *1-800 Contacts, Inc.*, 414 F.3d at 412.

Plaintiff cannot plead that Etsy placed the Asserted Mark on any goods. Although Plaintiff attempts to characterize Etsy as a "retailer of clothing," it is not. Etsy is a marketplace where third-party sellers and buyers can connect. Etsy does not make, hold inventory, or ship any products itself: "Etsy is marketplace comprised of individual third-party sellers who run their own shops . . . . [and] Etsy does not manufacture goods, hold inventory, or ship items on behalf of our sellers." Likewise, "[t]here's no Etsy warehouse – just millions of people selling the things they love. We make the whole process easy, helping you connect directly with makers to find something

extraordinary." *See* ETSY, www.etsy.com and www.etsy.com/legal/ip (last visited August 23, 2021)[4]; *see also Altayyar*, 242 F. Supp. 3d at 167 ("Etsy, a Brooklyn-based company, operates a website that connects buyers and sellers of handmade and vintage goods, as well as craft supplies."). Because Plaintiff's claims suffer from incurable defects, they should be dismissed with prejudice.

**3. Plaintiff's State Law Claims Fail for the Same Reason and Because There Are No Allegations of Bad Faith Conduct by Etsy**

To maintain a trademark and unfair competition claim under New York common law, Plaintiff must prove (1) either actual confusion or a likelihood of confusion as to the origin of the goods, and (2) bad faith by Etsy. *See LaChapelle v. Fenty*, 812 F. Supp. 2d 434, 444 (S.D.N.Y. 2011). "Thus, the standard for federal mark infringement and unfair competition is virtually identical to that under New York common law, except the latter requires a showing of bad faith." *Id*. (quotations omitted). A claim that fails under the Lanham Act therefore necessarily fails under New York common law. *Id*. at 449.

As described *supra*, Plaintiff failed to state a cause of action for trademark infringement or unfair competition under the Lanham Act. Consequently Plaintiff likewise fails to state a cause of action for trademark infringement or unfair competition under New York common law.

Additionally, Plaintiff has not alleged any bad faith conduct by Etsy other than in a purely conclusory manner. Compl. ¶¶ 73-75, 112; *see also TufAmerica, Inc. v. Codigo Music LLC*, 162 F. Supp. 3d 295, 331 (S.D.N.Y. 2016) (bad faith "generally refers to an attempt by a junior user of a mark to exploit the good will and reputation of a senior user by adopting the mark with the intent to sow confusion between the two companies' products."). Nor could Plaintiff because he does

[4] *See supra* n.3.

not adequately plead that Etsy was even aware of the Asserted Mark prior to the filing of this suit, Compl. ¶¶73-74, or even that Etsy used the Asserted Mark in commerce on any goods themselves, *see supra* Part IV.A.1.

Because Plaintiff does not state a claim for federal trademark infringement and unfair competition, and additionally because Plaintiff fails to plausibly allege bad faith, Plaintiff's claims for trademark infringement and unfair competition under New York common law should be dismissed.

**B. Plaintiff Cannot State a Claim for Unjust Enrichment (Count IV)**

**1. Plaintiff Fails to Allege Any Relationship with Etsy.**

"[T]he theory of unjust enrichment lies as a quasi-contract claim and contemplates an obligation imposed by equity to prevent injustice, in the absence of an actual agreement between the parties." *Lopez v. Bigcommerce, Inc.*, No. 16-cv-8970, 2017 WL 3278932, at *4 (S.D.N.Y. Aug. 1, 2017) (internal quotation marks and citations omitted). "[T]here are no indicia of an enrichment that was unjust where the pleadings fail[] to indicate a relationship between the parties that could have caused reliance or inducement." *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011). Here, Plaintiff "does not allege any connection or relationship to [Etsy ] that could have caused any reliance or inducement." *Id*. Moreover, Plaintiff's generalized and conclusory allegations that "Defendants have unjustly retained profits" and that "Defendant[s'] actions constitute unjust enrichment" fail to state a claim for unjust enrichment. *See id*. ¶¶ 113-15. In fact, this Court has routinely dismissed nearly identical unjust enrichment in claims brought by Mr. Lopez, Plaintiff's alleged "business manager." *See Lopez v. Bonanza.com, Inc.*, No. 17-cv-8493, 2019 WL 5199431, at *25-26 (S.D.N.Y. Sep. 30, 2019) (dismissing unjust enrichment claim where the plaintiff failed to allege any connection or relationship with the defendant);

*BigCommerce, Inc.*, 2017 WL 3278932 at *4; *Lopez v. Adidas Am., Inc.*, No. 19-cv-7361, 2020 WL 2539116, at *15 (S.D.N.Y. May 19, 2020). Consequently, Plaintiff's unjust enrichment claim should also be dismissed with prejudice.

**2. The Communications Decency Act, 47 U.S.C. § 230, Bars the Unjust Enrichment Claim.**

Pursuant to 47 U.S.C. § 230, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." *Id*. § 230(c)(1). Nor may a cause of action proceed under state or federal law where an information content provider is alleged to be responsible for the words or actions of another. *Id*. § 301(e)(3). Thus, Section 230 in effect precludes any "lawsuits seeking to hold a service provider liable for its exercise of a publisher's traditional editorial functions—such as deciding whether to publish, withdraw, postpone or alter content." *Ascentive, LLC v. Opinion Corp*., 842 F. Supp. 2d 450, 472 (E.D.N.Y. 2011) (quotation omitted). To qualify under Section 230, a defendant must demonstrate that "(1) [it] is a provider . . . of an interactive computer service, (2) the claim is based on information provided by another information content provider and (3) the claim would treat the defendant as the publisher or speaker of that information." *Herrick v. Grindr, LLC*, 306 F. Supp. 3d 579, 588 (S.D.N.Y. 2018), *aff'd* No. 18-396, 2019 WL 1384092 (2d Cir. March 27, 2019), *cert. denied* 140 S. Ct. 221 (2019) (internal quotation marks and citation omitted). Unlike Plaintiff's other claims, the claim for unjust enrichment is based on the content of user speech on the Etsy platform, and thus Section 230 applies.

Here, Etsy meets each requirement. First, Etsy provides an interactive computer service by operating an online marketplace at www.etsy.com. Compl. ¶ 66; *see also Ricci v. Teamsters Union Local 456*, 13-CV-07729 (NSR), 2014 WL 11353151, at *3 (S.D.N.Y. Apr. 28, 2014), *aff'd*, 781 F.3d 25 (2d Cir. 2015) ("[A]ny 'information service, system, or access software provider' that is

the passive host of third party content on its server or websites is an interactive computer service that is entitled to immunity for the content of that third party."). Second, Plaintiff does not and cannot allege that the underpinnings of the unjust enrichment claim, i.e., the sale of allegedly infringing clothing and accessories, was performed by Etsy, as opposed to a third party seller . *See* Compl. ¶¶ 66-67. Third, Plaintiff's unjust enrichment claim would treat Etsy as the publisher of allegedly infringing content and hold Etsy liable purely for its provision of website hosting services. As such, Section 230 necessitates dismissal of Plaintiff's unjust enrichment claim.

## V. CONCLUSION

As set forth above, Etsy respectfully requests that each of the causes of action asserted against Etsy in the Complaint be dismissed with prejudice.

Date: August 23, 2021
New York, New York

*<u>/s/ Brendan M. Palfreyman</u>*
Brendan M. Palfreyman
HARRIS BEACH PLLC
100 Wall Street
New York, NY 10005
Telephone: (212) 687-0100
Facsimile: (212) 687-0659
bpalfreyman@harrisbeach.com

*Attorneys for Defendant Etsy, Inc.*