UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
JOSE RODRIGUEZ,                                        :
                                                       :
                              Plaintiff,               :
                                                       :      21-CV-2973 (VSB)
             - against -                               :
                                                       :      **OPINION & ORDER**
                                                       :
                                                       :
REDBUBBLE, INC., et al.,                               :
                                                       :
                              Defendants.              :
                                                       :
-------------------------------------------------------X

Appearances:

Jose Rodriguez
745 E. 6th Street
Suite #4C
New York, NY
*Pro Se Plaintiff*

Jason Blake Mollick
Lucy Yen
Wilson Sonsini Goodrich & Rosati
New York, NY
*Counsel for Defendant Zazzle, Inc.*

Brendan Matthews Palfreyman
Harris Beach PLLC
Albany, NY
*Counsel for Defendant Etsy, Inc.*

James Edward Geringer
Klarquist Sparkman, LLP
Portland, OR
*Counsel for Defendant Amazon.com, LLC*

Jonathan Scott Lawson
SouthBank Legal: LaDue Curran Kuehn
South Bend, IN
*Counsel for Defendant Shopify (USA), Inc.*

VERNON S. BRODERICK, United States District Judge:

*Pro se* Plaintiff Jose Rodriguez ("Plaintiff") brings this action against Defendants Massive Action LLC ("Massive Action"), Redbubble, Inc. ("Redbubble"), TP Apparel, LLC ("TP"), Zazzle, Inc. ("Zazzle"), Etsy, Inc. ("Etsy"), Amazon.com, LLC ("Amazon"), Shopify (USA), Inc. ("Shopify"), and Nordstrom, Inc. ("Nordstrom") alleging violations of the Lanham Act, 15 U.S.C. §§ 1114-1116, 1125(a), common law trademark and unfair competition claims, and unjust enrichment. Before me are the three unopposed motions to dismiss filed by (1) Amazon, (Doc. 29), (2) Shopify, (Doc. 40), and (3) Etsy and Zazzle, (Doc. 35), for failure to state a claim. Because Plaintiff fails to allege sufficient facts to state a plausible claim for relief, the motions to dismiss are GRANTED, and Plaintiff's complaint is DISMISSED with leave to amend his claims against Amazon, Etsy, Shopify, and Zazzle. Because Plaintiff failed to file proof of service on Defendant Redbubble, Plaintiff's claims against Redbubble are also DISMISSED.

I.     **Factual Background**[1]

Plaintiff "is a fashion designer and apparel industry entrepreneur." (Compl. ¶ 1.) Plaintiff owns the federally registered trademark "THE LONELY HEARTS CLUB" for goods in class 25. (*See id.* ¶ 20; *see also id.* Ex. A; THE LONELY HEARTS CLUB, Registration No. 5,250,790.)[2] Plaintiff brings this action against Defendants alleging infringement of his mark. (*See* Compl. ¶¶ 1, 6–13.) Defendants are "using Plaintiff's trademark in commerce by

---

[1] The following factual summary is drawn from the allegations contained in Plaintiff's complaint. (Doc. 1, "Complaint" or "Compl.") I assume the allegations set forth in the Complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My references to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] United States Patent and Trademark Office divides trademark uses into 45 different "classes" of products or services. Class 25 covers "Headwear; Jeans; Sweaters; T-shirts; Caps; Crew neck sweaters; Short-sleeved or long-sleeved t-shirts." *See* Trademark Manual of Examining Procedure § 1401.02(a).

2

promoting, advertising, selling and offering for sale clothing items" that feature the words in Plaintiff's trademark. (*Id.* ¶¶ 34, 45, 56, 67, 78.) Upon information and belief, Defendants are also using Plaintiff's trademark "as a keyword in online advertising" and "bidding and purchasing adwords" under Plaintiff's trademark. (*Id.* ¶¶ 35, 36, 46, 47, 57, 58, 68, 69, 79, 80.) This use "has already caused confusion and is likely to continue to cause confusion" in the future. (*Id.* ¶¶ 26, 38, 49, 60, 71, 82; *see also id.* ¶¶ 1, 27, 90, 96.)

## II. Procedural History

Plaintiff filed this action on April 7, 2021. (Compl.) As of July 8, 2021, Plaintiff had not filed any affidavits of service or taken any other action to prosecute this case. (*See* Doc. 3.) Accordingly, I issued an order requiring Plaintiff to submit a letter by July 22, 2021 demonstrating good cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). (*See id.*) I warned Plaintiff that failure to comply with the order would result in dismissal of this case. (*See id.*)

Thereafter, attorneys from Etsy, Massive Action, Shopify, Amazon, and Zazzle appeared. (Docs. 4, 6, 7, 9, 21.) Amazon, Shopify, Etsy, and Zazzle sought extensions to respond to the Complaint, (Docs. 5, 10, 11, 22), and I granted those requests, (Docs. 8, 12, 13, 23). On July 22, 2021, Plaintiff filed proof of service on Shopify, Zazzle, Etsy, Massive Action[3], and Amazon. (Docs. 14, 15, 17, 18, 19.) Plaintiff also submitted an affidavit of reasonable diligence, which indicated that service had been attempted, unsuccessfully, six times on Redbubble. (Doc. 16.) Plaintiff did not otherwise respond to my order directing him to demonstrate good cause, and he also did not file anything indicating that he had served Nordstrom or TP.

---

[3] Plaintiff failed to serve Massive Action within 90 days. (*See* Doc. 18 (indicating service was completed on July 10, 2021).)

On August 2, 2021, Massive Action filed a motion to dismiss Plaintiff's claim against it pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). (Doc. 24.) Massive Action's motion to dismiss became moot when, on August 4, 2021, I dismissed Plaintiff's claims against Massive Action, Nordstrom, and TP pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 25.) I also warned Plaintiff that if he did not file proof of service on Redbubble by August 17, 2021, I would dismiss Redbubble from this action. (*Id.*) Plaintiff did not file proof of service on Redbubble. Accordingly, Plaintiff's claims against Redbubble are also dismissed pursuant to Rule 4(m).

The remaining Defendants—Amazon, Etsy, Shopify, and Zazzle—moved to dismiss the action. On August 19, 2021, Amazon filed a motion to dismiss, (Doc. 29 ("Amazon's MTD")), and a declaration in support, (Doc. 30). On August 23, 2021, Etsy filed a motion to dismiss, (Doc. 35), a memorandum in support, (Doc. 36 ("Etsy's MTD")), and a declaration in support, (Doc. 37). On August 25, 2021, Shopify filed a motion to dismiss, (Doc. 40), and a memorandum in support, (Doc. 41 ("Shopify's MTD")). On August 26, 2021, Zazzle filed a notice that it joins, in relevant part, the motions filed by Etsy and Amazon. (Doc. 45 ("Zazzle's Joinder").)

On August 31, 2021, I ordered Plaintiff to file any amended complaint by September 14, 2021, or in the alternative, any opposition to the motions to dismiss by September 24, 2021. (Doc. 46.) Plaintiff did not file anything. Accordingly, on October 5, 2021, I warned Plaintiff that if he did not file any opposition to the motions to dismiss by October 13, 2021, I would treat them as unopposed. (Doc. 47.) Plaintiff never filed any opposition to the motions to dismiss.

4

### III.     Legal Standards

#### A.     *Rule 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable."  *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor.  *Kassner*, 496 F.3d at 237.  "A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (internal quotation marks omitted).  In ruling on a motion to dismiss, a court "may also consider matters of which judicial notice may be taken," *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008) (citation omitted), which includes "documents either in [a] plaintiff['s] possession or of which plaintiff[ ] had knowledge and relied on in bringing suit," *Kalyanaram v. Am. Ass'n of Univ. Professors*, 742 F.3d 42, 44 n.1 (2d Cir. 2014) (internal quotation marks omitted).  A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions"

5

or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

### B. *Pro Se Litigant*

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *See Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Further, pleadings of a *pro se* party should be read "to raise the strongest arguments that they suggest." *Brownell v. Krom*, 446 F.3d 305, 310 (2d Cir. 2006) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). Nevertheless, dismissal of a *pro se* complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, "the duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

### C. *Unopposed Motion to Dismiss*

"In deciding an unopposed motion to dismiss, a court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency.'" *Haas v. Com. Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (quoting *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000)). "Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *Id.* (internal quotation marks omitted).

**IV.     Discussion**

    **A.     *Lanham Act***

Under the Lanham Act, "a plaintiff must establish that (1) it has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale . . . or advertising of goods or services without the plaintiff's consent." *1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406–07 (2d Cir. 2005) (quoting 15 U.S.C. § 1114(1)(a), (5)) (internal quotation marks and citation omitted). "In addition, the plaintiff must show that defendant's use of that mark is likely to cause confusion . . . as to the affiliation, connection, or association of [defendant] with [plaintiff], or as to the origin, sponsorship, or approval of [the defendant's] goods, services, or commercial activities by [plaintiff]." *Id.* (quoting 15 U.S.C. § 1125(a)(1)(A)) (internal quotation marks omitted).

Trademark registration is "conclusive evidence of the validity of the registered mark . . ., of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115. A defendant "uses" a mark "in commerce" when the mark "is placed in any manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or . . . on documents associated with the goods or their sale." 15 U.S.C. § 1127(1)(A).

To assess likelihood of consumer confusion, courts in this circuit often employ the eight-factor test in *Polaroid Corp. v. Polarad Elecs. Corp.*, which considers:

> (1) the strength of the trademark; (2) the degree of similarity between the plaintiff's mark and the defendant's allegedly imitative use; (3) the proximity of the products and their competitiveness with each other; (4) the likelihood that the plaintiff will 'bridge the gap' by developing a product for sale in the defendant's market; (5) evidence of actual consumer confusion; (6) evidence that the defendant adopted the imitative term in bad faith; (7) the respective quality of the products; and (8) the sophistication of the relevant population of consumers.

7

*Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 84–85 (2d Cir. 2020) (citing *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir. 1961)).  However, "[t]he 'evaluation of the *Polaroid* factors is not a mechanical process where the party with the greatest number of factors weighing in its favor wins.  Rather, a court should focus on the ultimate question of whether consumers are likely to be confused.'"  *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 85 (2d Cir. 2020) (quoting *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 46 (2d Cir. 2000)).  "[A] defendant must do more than use another's mark in commerce to violate the Lanham Act.  The gist of a Lanham Act violation is an unauthorized use, which is likely to cause confusion. . . ."  *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 130 (2d Cir. 2009) (internal quotation marks omitted).

Plaintiff does not plausibly allege trademark infringement or unfair competition under the Lanham Act.  Plaintiff does satisfy the first requirement—pleading that he "has a valid mark that is entitled to protection"—by alleging that he owns the federally registered trademark "THE LONELY HEARTS CLUB" for goods in class 25.  (*See* Compl. ¶ 20; *see also id.* Ex. A.)[4]  However, Plaintiff pleads no factual content that could lead me to draw a reasonable inference that Defendants have used Plaintiff's mark in commerce in a way that is likely to cause confusion.  (*See generally* Compl.)  Instead, Plaintiff pleads only "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Brown v. Daikin Am., Inc.*, 756 F.3d 219, 225 (2d Cir. 2014).

---

[4] I take judicial notice of the fact that former Defendant Massive Action filed a petition to cancel THE LONELY HEARTS CLUB, Registration No. 5,250,790, on the grounds that Plaintiff has abandoned the trademark.  *See Massive Action, LLC v. Rodriguez, Jose*, Cancellation No. 92076697 (T.T.A.B. March 16, 2021), Doc. 1.  However, while I "may take judicial notice of a document filed in another court," I may not do so "for the truth of the matters asserted in the other litigation," but only "to establish the fact of such litigation and related filings."  *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006).  On September 6, 2023, Massive Action's petition to cancel was granted, judgment was entered against Rodriguez, and Rodriguez's THE LONELY HEARTS CLUB, Registration No. 5,250,790 was cancelled.  Cancellation No. 92076697, Docs. 16, 17.

8

As an initial matter, Plaintiff does not, at any point, identify any allegedly infringing products sold by any of the Defendants. (*See generally* Compl.) Instead, Plaintiff makes identical conclusory allegations that Zazzle, Etsy, and Amazon are generally "using Plaintiff's trademark in commerce." (*Id.* ¶¶ 56, 67, 78.) Plaintiff does not even allege that Shopify used the mark. (*See* Compl. ¶ 87 (alleging that Shopify "provides a platform and online store to third party account users").) As a result, Defendants are left to guess which online listings might be the subject of Plaintiff's action. (*See, e.g.*, Amazon's MTD at 5–7.) "The mere assertion of trademark infringement, without any factual allegations of the nature of the infringement, simply does not give Defendants fair notice of the claims against them." *Felix the Cat Prods., Inc. v. California Clock Co.*, No. 04 CIV. 5714 DAB, 2007 WL 1032267, at *4 (S.D.N.Y. Mar. 30, 2007) (internal citation omitted); *see also Pub. Free Will Corp. v. Verizon Commc'ns Inc.*, No. 15CV6354RRMJO, 2017 WL 1047330, at *4 (E.D.N.Y. Mar. 17, 2017) (dismissing a complaint for trademark infringement in part because the plaintiff did not "provide any facts, details, or descriptions" or "provide a copy" of the allegedly infringing advertisements).[5]

Plaintiff also pleads, "[u]pon information and belief," that Defendants are using Plaintiff's trademark "as a keyword in online advertising" and "bidding and purchasing adwords" under Plaintiff's trademark. (*Id.* ¶¶ 35, 36, 46, 47, 57, 58, 68, 69, 79, 80.) However, Plaintiff gives no examples of keywords or adwords that Defendants are allegedly using, or any other facts underlying his "belief" that Defendants are engaged in such conduct. "When allegations are made upon information and belief, the plaintiff must support them by offering

---

[5] Defendants Etsy and Shopify argue that Plaintiff cannot demonstrate use in commerce because Defendants Etsy and Shopify are platforms for third-party sellers. (*See* Etsy's MTD at 8–9; Shopify's MTD at 4–8.) Because Plaintiff fails to plead sufficient facts to allege use in commerce, and because I would need to take judicial notice of many facts outside the four corners of the Complaint to analyze Defendants' argument, (*see* Etsy's MTD at 3–4), I decline to reach this issue.

9

facts upon which that belief is founded." *Brodie v. Green Spot Foods, LLC*, 503 F. Supp. 3d 1, 13 (S.D.N.Y. 2020). Without factual details about why exactly Plaintiff believes Defendants are using keywords or adwords under his trademark, I must find these allegations implausible.

Likewise, Plaintiff's allegation that Defendants' alleged use of his mark "has already caused confusion and is likely to continue to cause confusion" is conclusory. (Compl. ¶¶ 26, 38, 49, 60, 71, 82; *see also id.* ¶¶ 1, 27, 90, 96.) "[T]he likelihood of confusion is a factual question, centering on the probable reactions of prospective purchasers of the parties' goods. A complaint must . . . contain sufficient facts to plausibly allege a probability of confusion between plaintiff's product or services and those of the alleged infringer." *OffWhite Prods., LLC v. Off-White LLC*, No. 19 CIV. 6267 (PAE), 2020 WL 4895362 (S.D.N.Y. Aug. 20, 2020). Here, Plaintiff does not allege any facts that might indicate a likelihood of confusion or from which such a likelihood might be inferred. For example, aside from alleging that he has been using the mark "[s]ince at least as early as 2009," (Compl. ¶ 15), Plaintiff pleads no facts bearing on the strength of his trademark, such as allegations about "advertising expenditures, consumer studies linking the mark to a source, unsolicited media coverage of the product, sales success, attempts to plagiarize the mark, and . . . exclusivity of the mark's use." *Car-Freshner Corp. v. Am. Covers, LLC*, 980 F.3d 314, 329 (2d Cir. 2020). In addition, because Plaintiff does not identify any allegedly infringing products, it is impossible to ascertain "the degree of similarity between the plaintiff's mark and the defendant's allegedly imitative use." *Tiffany & Co.*, 971 F.3d at 84–85 (citing *Polaroid*, 287 F.2d at 495). Although Plaintiff summarily alleges that Defendants' use "has already caused confusion," (Compl. ¶¶ 26, 38, 49, 60, 71, 82), Plaintiff provides no "evidence of actual consumer confusion," *Tiffany & Co.*, 971 F.3d at 84–85 (citing *Polaroid*, 287 F.2d at 495). Therefore, Plaintiff's allegations of likely consumer confusion are insufficient to support a

plausible claim of consumer confusion. *See Iqbal*, 556 U.S. at 678. In sum, I find that Plaintiff fails to plead sufficient facts to allege trademark infringement or unfair competition under the Lanham Act, and those claims must be dismissed. [6]

### B. *Common Law*

"[T]he elements necessary to prevail on causes of action for trademark infringement and unfair competition under New York common law mirror the Lanham Act claims, except that unfair competition requires an additional showing of bad faith." *OffWhite Prods.*, 480 F. Supp. 3d at 563 (internal quotation marks omitted) (citation omitted). As an initial matter, "[s]ince [Plaintiff] has failed to prove its Lanham Act claims, it follows *a fortiori* that it has failed to prove its common law claims as well." *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 463, 519 (S.D.N.Y. 2008), *aff'd in relevant part*, 600 F.3d 93, 101 n.6 (2d Cir. 2010).

However, even if Plaintiff had adequately pled Lanham Act Claims, he makes only conclusory allegations of bad faith. (*See* Compl. ¶¶ 64, 75, 86 (alleging identical claims that Zazzle, Etsy, and Amazon have each, respectively, "acted in bad faith in using Plaintiff's trademark as it has attempted to palm off the good will and reputation that Plaintiff has built in his THE LONELY HEARTS CLUB® mark").) Accordingly, I find that Plaintiff fails to plead sufficient facts to allege common law trademark infringement or unfair competition, and those claims must be dismissed.

### C. *Unjust Enrichment*

"The basic elements of an unjust enrichment claim in New York require proof that (1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate

---

[6] Because I find that Plaintiff fails to plead sufficient facts to support a *prima facie* Lanham Act claim, I decline to reach Amazon's defense that its use of "lonely hearts club" is descriptive and therefore fair use. (*See* Amazon's MTD at 7–9; *see also* Zazzle's Joinder at 2.)

11

against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306 (2d Cir. 2004). "[W]hile 'a plaintiff need not be in privity with the defendant to state a claim for unjust enrichment,' there must exist a relationship or connection between the parties that is not 'too attenuated.'" *Georgia Malone & Co. v. Rieder*, 19 N.Y.3d 511, 516 (2012) (quoting *Sperry v. Crompton Corp.*, 8 N.Y.3d 204, 215–16 (2007)). "Although the nature of the relationship required to establish an unjust enrichment claim has not been clearly defined, the relationship is 'too attenuated' if the parties were not connected in a manner that 'could have caused reliance or inducement,' or if they 'simply had no dealings with each other.'" *Marks v. Energy Materials Corp.*, No. 1:14-cv-8965-GHW, 2015 WL 3616973, at *6 (S.D.N.Y. June 9, 2015) (quoting *Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011)); *Georgia Malone*, 19 N.Y.3d at 517–18).

Plaintiff does not allege any relationship whatsoever with Amazon, Etsy, Shopify, or Zazzle. (*See generally* Compl.) Plaintiff only alleges that "Defendants have unjustly retained profits from the sale of clothing goods and accessories bearing Plaintiff's THE LONELY HEARTS CLUB® marks." (*Id.* ¶ 114.) Therefore, I find that Plaintiff fails to plead sufficient facts to allege unjust enrichment, and that claim must be dismissed.[7]

### D.    *Leave to Amend*

Generally, leave to amend should be "freely given," Fed. R. Civ. P. 15(a), and a *pro se* litigant in particular "should be afforded every reasonable opportunity to demonstrate that he has a valid claim," *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir. 1984). As such, complaints

---

[7] Since I find that Plaintiff does not plausibly plead unjust enrichment, I need not reach the argument that the claim is barred by Section 230 of the Communications Decency Act. (*See* Etsy's MTD at 11–12; *see also* Zazzle's Joinder at 2 n.2 ("The Court need not resolve the question of whether Section 230 bars the unjust enrichment claim in light of Plaintiff's failure to allege any sort of relationship between himself and Zazzle that could give rise to such a claim.").)

brought by *pro se* litigants are often dismissed without prejudice. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that leave to amend should be given unless there is no indication that the *pro se* plaintiff will be able to assert a valid claim).

While I suspect that, for the reasons stated above, Plaintiff may struggle to set forth facts that plausibly allege trademark infringement, unfair competition, and unjust enrichment, I am not prepared to conclude that amendment would necessarily be futile. Therefore, I find it is in the interest of justice to grant Plaintiff leave to amend. Because Plaintiff's amended complaint will completely replace, not supplement, the Complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint. Plaintiff, having received notice of the deficiencies in his pleadings, will not be granted another opportunity to amend.[8] *See Douglas v. Abrams Child. Books*, No. 13-CV-2613 (VSB), 2014 WL 12909009, at *10 (S.D.N.Y. Sept. 26, 2014) ("Plaintiff's failure to fix the defects, after being provided with notice of them, is alone sufficient ground to deny leave to amend *sua sponte*.") (collecting cases). To the extent that events subsequent to the filing of the Complaint, such as the cancellation of Plaintiff's registration, have impacted Plaintiff's "knowledge, information and belief" regarding, or the legal viability of, his claims, any amended complaint filed by Plaintiff should reflect the same, consistent with Fed. R. Civ. P. 11(b).

## V. Conclusion

For the foregoing reasons, Defendants' motions to dismiss are GRANTED. Plaintiff's claims against Redbubble are dismissed pursuant to Federal Rule of Civil Procedure 4(m).

---

[8] I previously advised *pro se* Plaintiff of his right to amend his Complaint three times, (Docs. 33, 38, 46), but Plaintiff did not file any amended pleading. I also repeatedly informed Plaintiff of the deadlines to oppose Defendants' motions to dismiss, (*see* Docs. 33, 38, 46), and I *sua sponte* extended the final deadline, warning Plaintiff that if he did not file an opposition, I would consider the motions unopposed, (Doc. 47). Plaintiff did not file any memorandum of opposition.

13

Plaintiff's Complaint is dismissed with leave to amend his claims against Amazon, Etsy, Shopify, and Zazzle within forty-five (45) days of the entry of this Opinion & Order. The Clerk of Court is instructed to mail a copy of this Opinion and Order to the *pro se* Plaintiff.

SO ORDERED.

Dated: September 27, 2023
      New York, New York

                                                _____
                                                Vernon S. Broderick
                                                United States District Judge